UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY A. WILLIAMS,<br><br>    Plaintiff,<br><br>  v.<br><br>NATHAN NASH,<br><br>    Defendant.<br>_____/ | No. C 08-2454 SI (pr)<br><br>**ORDER DENYING MOTION FOR DISCOVERY** |

    Plaintiff has filed a motion for discovery. The court does not conduct discovery on behalf of litigants. The court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses. Discovery requests and responses normally are exchanged between the parties without any copy sent to the court. See Fed. R. Civ. P. 5(d) (listing discovery requests and responses that "must not" be filed with the court until they are used in the proceeding or the court orders otherwise). Only when the parties have a discovery dispute that they cannot resolve among themselves should the parties even consider asking the court to intervene in the discovery process. The court does not have enough time or resources to oversee all discovery, and therefore requires that the parties present to it only their very specific disagreements. To promote the goal of addressing only very specific disagreements (rather than becoming an overseer of all discovery), the court requires that the parties meet and confer to try to resolve their disagreements before seeking court intervention. See Fed. R. Civ. P. 37(a)(2)(B); N. D. Cal. Local Rule 37. Where, as here, one of the parties is a prisoner, the court does not require in-person meetings and instead allows the prisoner and defense counsel to meet and confer by telephone or exchange of letters. Although the format of the meet-and-confer process changes, the substance of the rule remains the same: the parties must engage in a good faith effort to meet and confer before seeking court

intervention in any discovery dispute.  The motion for discovery is DENIED.  (Docket # 10.)

Williams attached to his motion for discovery a letter notifying the court of a change of address from an address on San Pedro Street to one on 8th Avenue in Los Angeles.  Later in the letter he stated that his fiancee is helping him because he once again is in custody (currently at Lancaster State Prison).  The court will use the 8th Street address as Williams has requested, but Williams must be aware of concerns that this presents.  Unless his fiancee is an attorney at law, she has no authority to appear on his behalf in this action.  Every paper filed in this action by and for Williams must be signed by Williams.  His fiancee may be able to do the legwork for him, and perhaps help him with his research, but he ultimately is responsible for prosecuting this action.  Williams is reminded that a copy of every document he files in this action must be served on defendant's attorney and every document filed should have attached to it a proof of service to reflect that he has sent a copy to defendant's attorney.

In light of the fact that defense counsel is a private attorney who may be unfamiliar with prison litigation, the court notes two of the more unusual procedural matters in prisoner litigation.  First, motions are deemed submitted on the papers and hearings are not held unless specifically ordered by the court.  Where the hearing date information usually appears on the first page of a motion, counsel may write "no hearing date set; matter to be submitted on the papers."  Also, due to difficulties of sending and receiving mail while in custody, as well as limits on a prisoner's access to the law library, briefing schedules are much more generous than in regular actions.

Finally, the court restates the briefing schedule on dispositive motions:  Defendant must file and serve a motion for summary judgment or other dispositive motion no later than **April 3, 2009**. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendant no later than **May 8, 2009**. Defendant's reply, if any, must be filed and served no later than **May 29, 2009**.

IT IS SO ORDERED.

DATED: March 30, 2009

_____
SUSAN ILLSTON
United States District Judge

2