UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY A. WILLIAMS, | No. C 08-2454 SI (pr) |
| Plaintiff, | **ORDER** |
| v. | |
| NATHAN NASH, | |
| Defendant. | |

This matter is now before the court for consideration of miscellaneous matters.

<u>Defendant's Request For Extension Of Deadline</u>: Defendant filed an "<u>ex parte</u> application to modify order dated September 29, 2008," in which he sought an extension of a deadline to file a dispositive motion.  The application is GRANTED (docket # 11.)  The motion for summary judgment filed April 3, 2009 is deemed timely filed.  In the future, defense counsel should label this kind of application as an "application for extension of deadline" to make it clearer what he is requesting; technically, the application for the court to modify the September 29, 2008 order was not requesting the correct relief because that order had already been modified by a February 5, 2009 order.  Additionally, any application for extension of a deadline should include extensions of like amounts of time for the corresponding deadlines for the plaintiff – such that defendant's proposed order should include new dates for his motion, the plaintiff's opposition, and defendant's reply – to avoid confusion and the necessity for further orders.

<u>Defendant's Motion For Summary Judgment</u>: Defendant moved for summary judgment on the ground that plaintiff failed to exhaust administrative remedies before filing this action. There is a threshold problem with defendant's motion for summary judgment: it is the wrong kind of motion to address the failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a). A prisoner's failure to exhaust administrative remedies is a matter in abatement. A defendant has the burden of raising and proving the absence of exhaustion. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003). In <u>Wyatt</u>, the Ninth Circuit explained that the proper way to establish non-exhaustion is by an unenumerated Rule 12(b) motion rather than in a motion for summary judgment.[1] This is so because the "failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as a matter in abatement." <u>Id.</u> The summary judgment procedure is a decision on the merits while a dismissal for failure to exhaust is not on the merits. "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." <u>Id.</u> at 1119-20, citing <u>Ritza v. Int'l Longshoremen's & Warehousemen's Union</u>, 837 F.2d 365, 368 (9th Cir. 1988). <u>Ritza</u> explained that "[t]he distinction between summary judgment and dismissal for matters in abatement bears on the district court's authority to resolve factual disputes and thus affects the standard of review to be applied by this court." <u>Id.</u> at 369. The district court can decide factual issues in a jurisdictional or related type of motion because there is no right to a jury trial as to that portion of the case, unlike the merits of the case (where there is a right to a jury trial). <u>See id.</u> <u>Wyatt</u> and <u>Ritza</u> allow this court to resolve factual disputes, but only with regard to the exhaustion issue. Defendant's motion for summary judgment is DENIED without prejudice to defendant filing an unenumerated motion to dismiss based on plaintiff's failure to exhaust administrative remedies. (Docket # 13.)

The court provides the following information for plaintiff to consider if defendant does file an unenumerated motion to dismiss based on plaintiff's failure to exhaust administrative

---

[1]The motion is called an "unenumerated" Rule 12(b) motion because it is not brought under any one of the seven numbered sub-parts of Rule 12(b) of the Federal Rules of Civil Procedure. <u>See</u> <u>Ritza</u>, <u>infra</u>, 837 F.2d at 369.

2

remedies: Plaintiff may present any evidence he has which tends to show that he did exhaust his administrative remedies before filing this action. Such evidence may be in the form of documents or declarations (i.e., statements signed under penalty of perjury). If the unenumerated Rule 12(b) motion is granted, this action will be dismissed without prejudice to plaintiff filing another action if he ever exhausts administrative remedies.

<u>Motion To Strike</u>: Defendant has moved to strike plaintiff's reply to defendant's reply regarding the motion for summary judgment. As a result of the denial of defendant's motion for summary judgment, the motion to strike is DENIED as moot. (Docket # 19.)

<u>Plaintiff's Requests For Extension Of Time</u>: Plaintiff's May 18, 2009 form <u>ex parte</u> application for extension of time is DENIED because the court does not understand what deadline he wanted to have extended. (Docket # 18.) Plaintiff's June 22, 2009 motion for extension of time is DENIED because there was no deadline pending. (Docket # 22.)

<u>Plaintiff's Request For Stay</u>: Plaintiff filed a "request to the federal court for a stay of proceedings without prejudice with room to amened [sic]." In this request, plaintiff explained that he learned that he must exhaust his state court remedies – suggesting that he wants to exhaust those remedies and then move forward in this case. A stay will not be ordered because it would be futile. An action must be dismissed unless the prisoner exhausted his available administrative remedies <u>before</u> he filed suit, even if the prisoner fully exhausts while the suit is pending. <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199 (9th Cir. 2002); <u>see</u> <u>Vaden v. Summerhill</u>, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before the prisoner sends his complaint to the court it will be dismissed even if exhaustion is completed by the time the complaint is actually filed). There is no reason to stay this action to allow plaintiff to exhaust because it will make no difference in this action. Exhaustion after this action was filed would not satisfy the requirement of the administrative exhaustion statute, 42 U.S.C. § 1997e. If this court determines that plaintiff did not satisfy the administrative exhaustion requirement before he filed this action on April 18, 2008, this action will be dismissed and plaintiff will have to start over by filing a new action after he exhausts those remedies. The request for a stay is DENIED. (Docket # 20.)

1    Briefing Schedule:  In order to move this action toward resolution, the court sets the
2 following briefing schedule on dispositive motions.  Defendant must file and serve a motion for
3 summary judgment or other dispositive motion (such as an unenumerated Rule 12(b) motion)
4 no later than **July 31, 2009**. Plaintiff's opposition to the summary judgment or other dispositive
5 motion must be filed with the court and served upon defense counsel no later than **August 28,**
6 **2009**.  Defendant's reply, if any, must be filed and served no later than **September 11, 2009**.
7    IT IS SO ORDERED.
8 DATED: July 6, 2009

                                                                SUSAN ILLSTON
                                                                United States District Judge