UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY A. WILLIAMS,<br><br>    Plaintiff,<br><br>  v.<br><br>NATHAN NASH,<br><br>    Defendant.<br>                                            / | No. C 08-2454 SI (pr)<br><br>**SCHEDULING ORDER** |

Gary Williams filed a pro se civil rights complaint under 42 U.S.C. § 1983 in which he alleged that defendant used excessive force on him while he was incarcerated at Salinas Valley State Prison. The court denied defendant's motion to dismiss and ordered the parties to file and serve case management reports indicating what discovery remains to be done, the amount of time needed for discovery, whether any further motions will be filed, when they will be ready for trial, and the expected length of the trial. Plaintiff did not file a statement. He submitted a change of address at about the time the order issued, and therefore may not have received a copy of the order. Defendants filed an uninformative and generic statement, in which they stated that they intended to do some written discovery and maybe take plaintiff's deposition and stated that they needed about 8-10 months to do it. That is an excessive amount of time for a relatively straightforward excessive force complaint, as to which no witnesses other than plaintiff and defendant may have been present. The court will require discovery to move along at a much faster pace, so that this case can be ready for trial in a reasonable time frame. Accordingly, the court now sets the following deadlines:

A.  Discovery Deadlines

1.  No later than **June 4, 2010**, plaintiff and defendant must propound any written discovery requests (e.g., requests for production of documents, interrogatories, and requests for admissions) they wish to make on each other.

2.  If defendant wishes to take plaintiff's deposition, he must do so no later than **July 2, 2010**.

3.  All discovery must be completed no later than **August 6, 2010**. Plaintiff is cautioned that he must do his own discovery – the court does not do it for him. The court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses. Discovery requests and responses normally are exchanged between the parties without any copy sent to the court. See Fed. R. Civ. P. 5(d) (listing discovery requests and responses that "must not" be filed with the court until they are used in the proceeding or the court orders otherwise).

4.  Any motion to compel discovery must be filed and served by **August 6, 2010**. If a motion to compel is filed, any opposition to it must be filed and served no later than **fourteen days** after the motion is filed and any reply in support of the motion must be filed and served no later than **fourteen days** after the opposition is filed.

B.  Dispositive Motions

1.  Any motion for summary judgment (or other dispositive motion) must be filed and served no later than **August 23, 2010**.

2.  Any opposition to the dispositive motion must be filed and served no later than **September 10, 2010**. Plaintiff is cautioned to read the notice regarding summary judgment motions in the order of service as he prepares any opposition to a motion for summary judgment.

3.  Any reply brief in support of the motion must be filed and served no later than **September 20, 2010**.

Plaintiff is cautioned that, because he is no longer in custody, he will not receive the

benefit of the prisoner mailbox rule (i.e., that documents are deemed filed by unrepresented prisoners when handed to prison officials to mail them to the court). Instead, he must be sure that any document reaches the courthouse on or before the filing deadline.

IT IS SO ORDERED.

Dated: May 17, 2010

_____
SUSAN ILLSTON
United States District Judge

3